UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIELLE KONARY,            )<br>      Plaintiff             )<br>                             )   Civil Action<br>V.                           )<br>                             )   No. _____<br>WOODS HOLE, MARTHA'S         )<br>VINEYARD AND NANTUCKET       )<br>STEAMSHIP AUTHORITY          )<br>      Defendant             )  | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for her complaint states:

### General Factual Allegations

1. The Plaintiff, Danielle Konary, is a resident of Cotuit, County of Barnstable, Commonwealth of Massachusetts.

2. The Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, is a body politic, duly organized and existing under the laws of the Commonwealth of Massachusetts.

3. On or about August 14, 2007, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, was doing business within the Commonwealth of Massachusetts.

4. On or about August 14, 2007, the Plaintiff, Danielle Konary, was employed by the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority

5. On or about August 14, 2007, the Plaintiff, Danielle Konary, was employed by the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, as a seaman, and a member of the crew of the M/V ISLAND HOME.

6. On or about August 14, 2007, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, owned the M/V ISLAND HOME.

7. The Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, chartered the M/V ISLAND HOME from some other person or entity such that on or about August 14, 2007, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority was the owner pro hac vice of the M/V ISLAND HOME.

8. On or about August 14, 2007, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, operated the M/V ISLAND HOME.

9. On or about August 14, 2007, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, or the Defendant's agents, servants, and/or employees, controlled the M/V ISLAND HOME.

10. On or about August 14, 2007, the M/V ISLAND HOME was in navigable waters.

11. On or about August 14, 2007, while in the in the performance of her duties in the service of the M/V ISLAND HOME, the Plaintiff, Danielle Konary, sustained personal injuries.

12. Prior to and at the time her sustained the above-mentioned personal injuries, the Plaintiff, Danielle Konary, was exercising due care.

## Jurisdiction

13. The Court has subject matter jurisdiction over the matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104, et. seq.

(formerly §688 et. seq.).

14. The Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1333.

## COUNT I

**Danielle Konary v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority**

**(JONES ACT NEGLIGENCE)**

15. The Plaintiff, Danielle Konary, reiterates the allegations set forth in paragraphs 1 through 14 above.

16. The personal injuries sustained by the Plaintiff, Danielle Konary, were not caused by any fault on her part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17. As a result of said injuries, the Plaintiff, Danielle Konary, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18. The cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Danielle Konary, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury together with interest and costs.

## COUNT II

### Danielle Konary v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority

### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

19. The Plaintiff, Danielle Konary, reiterates the allegations set forth in paragraphs 1 through 14 above.

20. The personal injuries sustained by the Plaintiff, Danielle Konary, were due to no fault of her, but were caused by the Unseaworthiness of the M/V ISLAND HOME.

21. As a result of said injuries, the Plaintiff, Danielle Konary has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22. The cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Danielle Konary, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury together with interest and costs.

## COUNT III

### Danielle Konary v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority

### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

23. The Plaintiff, Danielle Konary, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Danielle Konary, has incurred and will continue to incur expenses for her maintenance and cure.

WHEREFORE, the Plaintiff, Danielle Konary, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury for maintenance and cure, together with costs and interest.

## COUNT IV

**Danielle Konary vs. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority**

**(GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE and CURE)**

25.  The Plaintiff, Danielle Konary, reiterates the allegations set forth in paragraphs 1 through 14 above.

26.  As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Danielle Konary, has incurred and will continue to incur expenses for her maintenance and cure.

27.  The Plaintiff, Danielle Konary, has made demand upon the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, for the provision of maintenance and cure.

28.  The Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

29.  As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from her usual work and pursuits, medical

and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Danielle Konary, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury as compensatory damages and punitive damages for the failure to pay maintenance and cure, together with costs, interest, and reasonable attorneys fees.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

RAISED IN COUNTS, I, II, III AND IV.

Respectfully submitted for
the Plaintiff, Danielle Konary,
by her attorney,

/s/ Carolyn M. Latti
Carolyn M. Latti, BBO 567394
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: 06-18-2010